Not For Publication

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRITZ GERALD TOUSSAINT,<br><br>    *Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>    *Defendant*. | Civil Action No. 21-16100<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Plaintiff Fritz Gerald Toussaint seeks to bring this matter *in forma pauperis* pursuant to 28 U.S.C. § 1915.  D.E. 1.  For the reasons discussed below, the Court **GRANTS** his application to proceed *in forma pauperis* but **DISMISSES** the matter pursuant to 28 U.S.C. § 1915(e)(2)(B).

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit."  *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989).  Plaintiff sufficiently establishes his inability to pay, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.

When allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B).  Because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys.

*Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'"  *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

In this matter, Plaintiff states that Defendant violated his due process and First Amendment rights.  Compl. at 2. Plaintiff pleads that he has been unable to travel since September 26, 1988, apparently because of a "denied document."  *Id.*  Plaintiff continues that this has restricted his ability to find a job and healthcare.  *Id.*  Plaintiff does not provide any further information.

While not set forth in Plaintiff's pleading, the Court assumes that Plaintiff intends to assert a *Bivens* claim against Defendant, the Department of Homeland Security.  "*Bivens* is the short-hand name given to causes of action against federal officials for alleged constitutional violations." *Bistrian v. Levi*, 912 F.3d 79, 88 (3d Cir. 2018).  *Bivens* is essentially a "federal analog" to suits brought against state officials under Section 1983.[1]  *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009).

Defendant is a federal agency, and a *Bivens* claim cannot be asserted against an agency. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *see also Hatten v. Bledsoe*, 782 F. App'x 91, 95 (3d Cir. 2019) ("The District Court properly dismissed Hatten's *Bivens* claim against the [Bureau of Prisons], as federal agencies are shielded by sovereign immunity absent an explicit waiver.").  This is because "[t]he doctrine of sovereign immunity bars all suits against the United States except where such immunity is explicitly waived by Congress" and "neither the United States nor its agencies have waived sovereign immunity for constitutional claims."  *Mierzwa v. United States*,

---

[1] Section 1983 provides individuals with a cause of action for certain violations of constitutional rights.  *See* 42 U.S.C. § 1983.  Section 1983, however, does not provide substantive rights.  Rather, Section 1983 provides a vehicle for vindicating violations of other federal rights.  *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).  To state a Section 1983 claim, a plaintiff must demonstrate that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law."  *Burt v. CFG Health Sys.*, No. 15-2279, 2015 WL 1646849, at *2 (D.N.J. Apr. 14, 2015).

282 F. App'x 973, 976-77 (3d Cir. 2008) (internal citations omitted).  As a result, Plaintiff attempts to assert claims against a Defendant that is immune from Plaintiff's asserted claims.  Plaintiff's Complaint, therefore, must be dismissed.

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter of which affords a plaintiff with leave to amend.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002).  The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile.  *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984).  Because Plaintiff is proceeding *pro se* and this is the Court's initial screening, the Court will provide Plaintiff with an opportunity to file an amended complaint.  To be clear, however, any attempt to assert a future *Bivens* claim against a federal agency will be futile.  The Court provides Plaintiff thirty (30) days to file an amended complaint that cures the deficiencies set forth herein.  Plaintiff must set forth the basis for his claims and provide plausible factual allegations demonstrating that he is not asserting claims against a party that is immune from suit.  If Plaintiff does not submit an amended complaint curing these deficiencies within thirty (30) days, this matter will be closed.

Accordingly, and for good cause shown,

IT IS on this 8th day of December, 2021,

**ORDERED** that pursuant to 28 U.S.C. § 1915(a), Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to file the Complaint without prepayment of the filing fee; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that Plaintiff is afforded thirty (30) days to file an amended complaint that cures the deficiencies as set forth above.  Failure to file an amended complaint within this time will result in the matter being closed; and it is further

**ORDERED** that the Clerk of the Court shall mail a copy of this Opinion and Order to Plaintiff by regular mail.

_____
John Michael Vazquez, U.S.D.J.